Carroll
No. 78-243

WILLIAM F. SMITH

v.

ALEXANDER J. MCKENZIE, III

May 9, 1979

*William P. Shea*, of Sanbornville (*Edward J. Mertens, II* orally), for the plaintiff.

*Cooper, Hall & Walker*, of Rochester (*Donald F. Whittum* orally), for the defendant.

BROCK, J.  This is a petition to quiet title in which the plaintiff challenges the validity of a second mortgage on real property in Wolfeboro. The Trial Court (*Cann*, J.) found for the defendant mortgagee, and reserved and transferred the plaintiff's exceptions. We overrule the exceptions.

Prior to September 1973, the property in question was owned by the Albee Trust. A first mortgage, which is not at issue here, was held by the Rochester Savings Bank. In September 1973, Everett Albee, a

trustee of the Albee Trust, borrowed money from the Bank of New Hampshire, signing a 180-day promissory note for $2,932. As security for the loan, Albee, acting in his capacity as trustee, gave the bank a second mortgage on the Wolfeboro property, which was duly recorded in the Carroll County Registry of Deeds. The debt was not discharged by Albee or by the trust.

In July 1975, the trust's interest in the property was sold on execution to satisfy an unrelated judgment. The plaintiff purchased the interest, which consisted of the right of redeeming both mortgages. RSA 511:7; 479:18. The plaintiff concedes that prior to purchase he had actual knowledge of both mortgages, although he had "questions in my mind" about the validity of the second mortgage.

In October 1975, the bank assigned its interest as second mortgagee to the defendant, who began foreclosure proceedings. The plaintiff then brought this action to prevent foreclosure. His claim is that the second mortgage is void for lack of consideration because it was given in exchange for a personal loan to Albee, in violation of his fiduciary duty. *See, e.g. In re Frolich Estate,* 112 N.H. 320, 327, 295 A.2d 448, 453 (1972). The plaintiff did not offer any evidence showing what Albee did with the money he received.

Contrary to the trial court's ruling, the plaintiff, as purchaser of the equity of redemption, has standing to assert a failure of consideration in the same manner as the original mortgagor. *True v. Congdon,* 44 N.H. 48, 58 (1862); *Brewer v. Hyndman,* 18 N.H. 9 (1845). The record before us, however, supports the trial court's finding of adequate consideration.

"Consideration may be given to the promisor or to some other person." RESTATEMENT OF CONTRACTS § 75(2) (1932). The bank suffered a legal detriment when it loaned money to Everett Albee in exchange for his promissory note and the mortgage. *See Corning Glass Works v. Max Dichter Co.,* 102 N.H. 505, 512, 161 A.2d 569, 575 (1960). There was no evidence that the trustee lacked the power to mortgage the trust property. *See* RSA 564-A:3 III(g). A mortgage that the trustee has authority to make is valid whether or not the trustee misapplies the sum borrowed. G. BOGERT, TRUSTS & TRUSTEES § 767, at 46 (2d ed. 1962); 3 A. SCOTT, TRUSTS § 271 (1967). Neither the bank nor its assignee was "bound to assure the proper application of trust assets paid or delivered to the trustee." RSA 564-A:7; G. BOGERT, TRUSTS & TRUSTEES § 902 (2d ed. 1962). A trust beneficiary can of course seek to recover from the trustee for misuse of trust assets. RESTATEMENT (SECOND) OF TRUSTS §§ 199(c) 200 (1959). Any dispute between the

trustee and the beneficiaries does not, however, affect an innocent mortgagee's interest in the trust assets. G. BOGERT, TRUST & TRUSTEES §§ 596, 871, 904 (2d ed. 1962).

*Exceptions overruled; petition dismissed.*

GRIMES, J., did not sit; the others concurred.